**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **WIKESHIRE IP LLC,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TRANSCORE LP,**<br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>**Civil Action No. ______**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Wikeshire IP LLC ("Wikeshire") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 6,609,061 ("the '061 patent") (referred to as the "Patent-in-Suit") by TransCore, LP ("Defendant" or "TransCore").

## I. THE PARTIES

1. Plaintiff Wikeshire is a Texas Limited Liability Company with its principal place of business located at 2100 14th St, Ste 107 PMB 1017, Plano, TX 75074.

2. On information and belief, TransCore LP. is a Limited Partnership organized and existing under the laws of Delaware, having its principal place of business at 150 4th Avenue North, Suite 1200. Nashville, TN 37219.

3. Defendant can be served through their registered agent, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701, at its place of business, or anywhere ese it may be found.

4. On information and belief, Defendant sells and offers to sell products and services throughout Delaware, including in this judicial district, and introduces products and services that

perform infringing methods or processes into the stream of commerce knowing that they would be sold in Delaware and this judicial district.

## II. JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

6. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Delaware and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this judicial district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware and this District.

## III. INFRINGEMENT

### A. Infringement of the '061 Patent

8. On August 19, 2004, U.S. Patent No. 6,609,061 ("the '061 patent", included as an attachment and part of this Complaint) entitled "Method and system for allowing vehicles to negotiate roles and permission sets in a hierarchical traffic control system" was duly and legally issued by the U.S. Patent and Trademark Office. Wikeshire owns the '061 patent by assignment.

9. The '061 patent relates to methods and systems related to traffic control systems.

10. TransCore designs, manufactures, markets and sells systems and processes related to traffic control systems, that infringe one or more claims of the '061 patent, including one or more of claims 1-21, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '061 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

11. Support for the allegations of infringement may be found in the following preliminary table attached as Exhibit A.

12. These allegations of infringement are preliminary and are therefore subject to change. For instance, there are other of Defendant's products that infringe.

13. TransCore has and continues to induce infringement. TransCore has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., traffic control systems) such as to cause infringement of one or more of claims 1–21 of the '061 patent, literally or under the doctrine of equivalents. Moreover, TransCore has known of the '061 patent and the technology

underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

14. TransCore has and continues to contributorily infringe. TransCore has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., traffic control systems) such as to cause infringement of one or more of claims 1–21 of the '061 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, TransCore has known of the '061 patent and the technology underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is previously alleged in this complaint.

15. TransCore has caused and will continue to cause Wikeshire damage by direct and indirect infringement of (including inducing infringement of) the claims of the '061 patent.

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '061 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g. award Plaintiff such other and further relief as this Court deems just and proper.

DATED: April 4, 2022

Respectfully submitted,

Chong Law Firm PA

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

RAMEY & SCHWALLER, LLP

William P. Ramey, III *(pro hac vice anticipated)*

Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Wikeshire IP LLC***